## Illinois Central R. R. Co. v. Fred Behrens.

106    471
a208s    20

1. WITNESSES—*Need Not Possess Special Knowledge Where They Are Not Testifying as Experts.*—Where witnesses are not experts and their testimony is not offered or received as expert evidence, they need not possess any special knowledge or experience concerning the matter testified to.

**Trespass on the Case,** for personal injuries.   Appeal from the Circuit Court of Washington County; the Hon. WILLIAM HARTZELL, Judge presiding.   Heard in this court at the August term, 1902.   Affirmed. Opinion filed March 2, 1903.

W. W. BARR, attorney for·appellant;  J. M. DICKINSON, of counsel.

J. A. WATTS and GEORGE VERNOR, attorneys for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This case was before this court at the August term, 1901, and is reported in 101 Ill. App., at page 33.   The pleadings and evidence are substantially the same in the present as in the former record ; therefore we do not deem it necessary to restate the case.

Upon the former record the principal grounds urged for reversal were, that the verdict was not supported by the evidence and that the court erred in giving a certain instruction on behalf of appellee.  We then found that the evidence was conflicting and contradictory, and we so find it now. We did not then find that it was insufficient to support a verdict, in the absence of misleading error, nor do we so find now.   The case was reversed and remanded solely because of an erroneous instruction which we thought might have misled the jury.

It is not claimed by counsel for appellant that any such error as to instructions appears in the present record.   It is now claimed by counsel that the trial court erred in the admission of certain evidence on behalf of appellee; and the claim that the verdict is not sufficiently supported by evidence is removed and again pressed upon us.

As to the alleged error in the admission of evidence, counsel say :

" None of the witnesses who testified on behalf of plaintiff, as to broken or cracked bolts, had ever had any experience with locomotive engine boilers or fire boxes, or, save one, had ever seen the wreck of an engine whose boiler or fire box had exploded.   They showed no knowledge, or means of knowledge, either of the tests, if any, by which to determine whether a break in a stay-bolt or fire-box or

sheet was of long standing or of recent occurrence.   Their statements that the breaks were some old and some new were but the expressions of opinion and not statements of fact.   They should have been excluded."

These witnesses were not experts, nor was their testimony offered or received as expert evidence.   They saw the wreck soon after the occurrence and described what they saw, as it appeared to them.   The following are fair specimens of the testimony complained of :

" A few of the bolts looked like they had broken in two, and some looked like old breaks and part looked like fresh breaks.  *  *  *  Looked like they were dark color,  *  *  * and part of them looked like they were a fresh break, because they looked bright; others looked dark.  *  *  * They merely looked dark; that is the only way I have of determining that some of the breaks were old.  ' Looked dull; they looked like they were not fresh broke—that is, the end of the bolt where it was broken off looked like the outside—dark.'   There were old looking breaks and new looking breaks in the same bolt."

The trial court did not err in refusing to exclude this testimony.

The record discloses nothing that would warrant us in disturbing the verdict of the jury and the judgment of the trial court thereon.

The judgment of the Circuit Court is affirmed.